**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Mattia, et al., | No. CV-24-00252-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to Conduct Limited Discovery. (Doc. 9.)[1] Plaintiffs request leave to propound a special interrogatory on Defendant United States of America ("United States"), in an effort to identify the Doe Defendants who allegedly fired their service weapons on May 18, 2022, in connection with the death of Raymond Mattia. (*Id.* at 7.) Plaintiffs argue that allowing their requested expedited discovery will permit them to identify and serve the Doe Defendants, thereby ensuring the Doe Defendants are timely informed of this action. (*Id.* at 8.) The United States opposes the Motion, arguing that Plaintiffs have not shown good cause for pre-answer discovery. (Doc. 14.)

Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes parties from seeking discovery from any source before the parties have conferred as required by Rule 26(f). Rule 26(f), in turn, provides that the "parties must confer as soon as practicable— and in any event at least 21 days before a scheduling conference is to be held or a

---

[1] Also pending is Defendant United States of America's Motion to Dismiss (Doc. 11), which will be resolved separately.

scheduling order is due under Rule 16(b)." Rule 16(b) states that a district judge must issue a scheduling order after receiving the parties' Rule 26(f) report or after holding a scheduling conference. Fed R. Civ. P. 16(b)(1). Rule 16(b) further states: "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

The United States contends that "it is not practicable for the parties to hold a Rule 26(f) conference . . . when the United States has a pending Motion to Dismiss." (Doc. 14 at 2-3.) However, the United States cites nothing in the Federal Rules of Civil Procedure that precludes a Rule 26(f) conference, a scheduling conference, or the issuance of a scheduling order while a motion to dismiss is pending. To the contrary, Rule 16(b) requires the Court to issue a scheduling order within 90 days after any defendant has been served or 60 days after any defendant has appeared, unless the Court "finds good cause for delay."

The Court has reviewed the Motion to Dismiss (Doc. 11), and given the nature of the arguments made therein, the Court agrees that good cause exists to delay issuing a scheduling order until resolution of the Motion. However, the Court also finds good cause to allow Plaintiffs to propound their proposed special interrogatory. Good cause for expedited discovery exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The United States has not shown that it would suffer any prejudice from Plaintiffs' proposed expedited discovery; indeed, the United States concedes that the breadth of discovery sought by Plaintiffs "is not significant" and that "it would not be particularly burdensome for the United States to respond to" Plaintiffs' proposed special interrogatory. (Doc. 14 at 3 n.3.) There is no dispute that the requested discovery is relevant, and the United States has set forth no persuasive reason why it should not be required to respond to the

proposed interrogatory while its Motion to Dismiss is pending. Delaying Plaintiffs' proposed discovery would only serve to delay the ultimate resolution of this action.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Conduct Limited Discovery (Doc. 9) is **granted**. Plaintiffs are authorized to propound on the United States the special interrogatory identified in their Motion.

Dated this 4th day of September, 2024.

_____
Honorable Rosemary Márquez
United States District Judge