WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Mattia, et al., | No. CV-24-00252-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is Defendant United States of America's ("United States") Motion to Dismiss (Doc. 11), which is fully briefed (Docs. 16, 18). The Court finds the Motion suitable for resolution without oral argument.

**I.     Plaintiffs' Complaint**

Plaintiffs Annette Mattia, Floyd Mattia, Mitchell Mattia, Fred Mattia, Delores Heredria Mattia, Ariel Mattia, and Raymond Mattia Jr.[1] filed the Complaint in this action in their individual capacities and on behalf of the Estate of Raymond Mattia ("the Estate"), asserting *Bivens*[2] and Federal Tort Claims Act ("FTCA") claims arising from the death of Raymond Mattia, whom Plaintiffs allege was shot by Border Patrol agents while unarmed and fully compliant. (Doc. 1.) Plaintiffs sue the United States, as well as unknown Border Patrol Agents ("Doe Border Patrol Agents 1–30") in their individual

---

[1] Because all Plaintiffs have the same last name, the Court will refer to each Plaintiff by his or her first name to reduce confusion. The Court will refer to Raymond Mattia by his full name and will refer to Raymond Mattia Jr as Raymond Jr.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

and official capacities. (*Id.* at 1.) In Count One, the Estate asserts a *Bivens* claim against Doe Agents 1-30 for excessive force in violation of Raymond Mattia's Fourth Amendment rights. (*Id.* at 9.) In Count Two, all Plaintiffs assert a *Bivens* claim against Doe Agents 1-30 for deprivation of Plaintiffs' constitutional right to familial association. (*Id.* at 10.) In Count Three, the Estate asserts an FTCA claim for assault against all Defendants. (*Id.* at 10–11.) In Count Four, the Estate asserts an FTCA claim for battery against all Defendants. (*Id.* at 11–12.) In Count Five, the Estate asserts an FTCA claim for negligence against all Defendants. (*Id.* at 12–13.) In Count Six, the Estate, Ariel, and Raymond Jr. assert an FTCA claim for wrongful death against all Defendants. (*Id.* at 13.) In Count Seven, the Estate and Annette assert an FTCA claim for intentional infliction of emotional distress against all Defendants. (*Id.* at 14.) In Count Eight, the Estate asserts an FTCA claim for aggravated negligence against all Defendants. (*Id.* at 14–15.) Plaintiffs seek compensatory and punitive damages. (*Id.* at 15–16.)

## II.     Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them

in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

An attack on jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A Rule 12(b)(1) motion arguing a failure to exhaust administrative remedies under the FTCA constitutes a factual attack on jurisdiction. *See Earley v. United States*, No. 3:22-cv-00697-SB, 2023 WL 2245669, at *1 (D. Or. Jan. 27, 2023). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. Plaintiffs bear the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**III.   Discussion**

The United States moves to dismiss all claims asserted against it, with the exception of Count Six as it relates to Plaintiffs Raymond Jr. and Ariel. (Doc. 11 at 1.)

**A. Uncontested Issues**

The United States makes several uncontested arguments in its Motion to Dismiss. First, the United States argues that it is the only proper defendant to an FTCA claim and that punitive damages are not available against it under the FTCA. (Doc. 11 at 12–13 & 4 n.2.) In response, Plaintiffs seek leave to list the United States as the sole defendant in the FTCA causes of action and to remove claims for punitive damages against the United States in those causes of action. (Doc. 16 at 2, 14.) As there is no dispute that the United States is the only proper defendant with respect to the FTCA claims asserted in Plaintiffs'

Complaint,[3] and that the United States is not liable for punitive damages under the FTCA,[4] the Court will dismiss Doe Defendants 1-30 from Counts Three, Four, Five, Six, Seven, and Eight, and will dismiss Plaintiffs' claim for punitive damages with respect to Defendant United States.

The United States also argues that only Raymond's surviving children, Raymond Jr. and Ariel, may bring a claim for wrongful death. (Doc. 11 at 8–9.) Plaintiffs do not challenge this argument and instead seek leave of Court to remove the Estate as a plaintiff to the wrongful death claim. (Doc. 16 at 2, 14.) Because there is no dispute that, under A.R.S. § 12-612,[5] only Raymond Mattia's surviving children Ariel and Raymond Jr., and not the Estate, may assert a wrongful death claim, the Court will dismiss the Estate as a plaintiff with respect to Count Six.

Finally, the United States argues that the survival claims brought by the Estate must be dismissed because they were not brought in the name of a duly appointed personal representative of the Estate. (Doc. 11 at 4–5.) Plaintiffs do not challenge this argument in their Response; instead, they aver that they have filed a petition with the Tohono O'odham Nation Tribal Court to appoint a personal representative of the Estate, and they seek leave to amend their Complaint once a personal representative is appointed. (Doc. 16 at 15-16.) In reply, the United States does not challenge the authority of the Tohono O'odham Nation Tribal Court to appoint a personal representative but argues

---

[3] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("the United States is the only proper defendant in an FTCA action").

[4] *See* 28 U.S.C. § 2674 (the United States is not liable for punitive damages under the FTCA).

[5] Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred," *id.* § 1346(b)(1). The alleged acts or omissions at issue occurred on the Tohono O'odham reservation, but the parties do not dispute that Arizona law applies. *See Ben v. United States*, No. CV 04-1850-PCT-PGR, 2007 WL 1461626, at *2 (D. Ariz. May 16, 2007); *Bryant v. United States*, 147 F. Supp. 2d 953, 959–60 (D. Ariz. 2000). Under Arizona law, "[a]n action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents." A.R.S. § 12-612(A); *see also Gandy v. United States*, 437 F. Supp. 2d 1085, 1087 (D. Ariz. 2006) ("A wrongful death claim compensates statutory beneficiaries for their injuries, as opposed to a survival claim which compensates the decedent's estate.")

that, because no personal representative has yet been appointed, the Estate's claims are facially deficient and must be dismissed. (Doc. 18 at 2–3.)

When an individual is acting in a representative capacity, the individual's capacity to sue is determined by the law of the state in which the court is located. Fed. R. Civ. P. 17(b)(3). Arizona's survival statute provides that a cause of action that survives "the death of the person entitled thereto . . . may be asserted" only by "the personal representative of such person." A.R.S. 14-3110; *see also Ader v. Est. of Felger*, 375 P.3d 97, 104 (Ariz. App. 2016) (an estate "can only sue and be sued through its personal representative"). Because there is no dispute that the survival claims asserted in Plaintiffs' Complaint must be brought by the Estate's personal representative, and that a personal representative has not yet been appointed, the Court will dismiss the survival claims without prejudice and with leave for Plaintiffs to move to amend their Complaint to reinstate the claims once a personal representative of the Estate has been appointed.[6]

Given that the Court is dismissing the survival claims without prejudice, it declines to consider at this time the parties' other arguments concerning those claims, including the parties' arguments concerning preclusion of pain-and-suffering damages and whether Plaintiffs' aggravated negligence claim is duplicative of Plaintiffs' negligence claim.

### B. Annette's Intentional Infliction of Emotional Distress Claim

The United States argues that Annette's intentional infliction of emotional distress claim in Count Seven must be dismissed for failure to state a claim and for lack of subject-matter jurisdiction due to a failure to exhaust administrative remedies. (Doc. 11 at 9–12.) Plaintiffs argue that Annette provided sufficient administrative notice of her intentional infliction of emotional distress claim and that the Complaint pleads sufficient facts in support of the claim. (Doc. 16 at 2–7.)

Prior to bringing an FTCA action, a claimant must first submit the claim to the

---

[6] The Court notes that any future motion seeking to file an amended complaint reinstating the survival claims will be analyzed pursuant to Federal Rule of Civil Procedure 15, with "undue delay" and "undue prejudice to the opposing party" considered as factors in whether to grant or deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

appropriate federal agency. 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). However, "the notice requirement under section 2675 is minimal." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). To administratively exhaust an FTCA claim, a claimant need only provide "the bare elements of notice of accident and injury and a sum certain representing damages." *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982); *see also Goodman*, 298 F.3d at 1055 (claimant must submit only a brief description of "the time, place, cause and general nature of the injury and the amount of compensation demanded"). The administrative claim must be sufficient to put the Government "on fair notice" of a claim, *Goodman*, 298 F.3d at 1057, so that the agency can "begin its own investigation," *Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002). However, an administrative claim need not state "with great specificity the legal theories to be asserted in the eventual FTCA action." *Broudy v. United States*, 722 F.2d 566, 568–69 (9th Cir. 1983).

Here, Plaintiffs' administrative claim provided notice that Raymond Mattia's siblings and children, including Annette, were pursuing tort claims arising from his death. (*See* Doc. 16-1.) Plaintiffs described the circumstances surrounding Raymond Mattia's shooting by Border Patrol agents and sought a sum certain of $15,000,000. (*Id.*) Although Plaintiffs did not specifically mention Annette's intentional infliction of emotional distress claim, they stated that Raymond Mattia's death caused the claimants "immeasurable grief, suffering, and other losses," and clarified that they were seeking recovery for Raymond Mattia's injuries as well as "those of his surviving family who are claimants." (*Id.* at 8.) By describing the circumstances surrounding Raymond Mattia's death, listing Annette as a claimant, and indicating that Annette sought recovery for emotional damages, Plaintiffs provided the Government with sufficient information for the agency to begin its investigation. The Court finds that Plaintiffs put the Government on fair notice of Annette's intentional infliction of emotional distress claim. *See Goss v. United States*, 353 F. Supp. 3d 878, 885 (D. Ariz. 2018) (finding the plaintiff provided

fair notice of emotional distress claim by seeking compensation for emotional distress in administrative claim).

The Court also finds that Annette plead sufficient facts in the Complaint to state a plausible intentional infliction of emotional distress claim. To state a claim for intentional infliction of emotional distress under Arizona law, a plaintiff must allege (1) the defendant engaged in "extreme" and "outrageous" conduct; (2) the defendant intended to cause emotional distress or recklessly disregarded the near certainty that his conduct would cause such distress; and (3) the plaintiff suffered severe emotional distress as a result of the defendant's conduct. *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005). Plaintiffs state in their Complaint that Annette lived next door to her brother Raymond Mattia; that she was home when Border Patrol agents fired dozens of rounds at Raymond Mattia, despite his full compliance with their commands; that Annette could have been struck by the shots fired; and that Annette suffered severe emotional distress at hearing her brother killed and fearing for her own life. (Doc. 1 at 3, 9 ¶¶ 13, 67, 70-73.) These factual allegations are sufficient to plausibly allege that the Border Patrol agents who shot Raymond Mattia engaged in extreme and outrageous conduct in reckless disregard of a near certainty that their conduct would cause emotional distress to the neighbors of Raymond Mattia. The Court will deny Defendant's Motion to Dismiss to the extent it seeks dismissal of Annette's intentional infliction of emotional distress claim.

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 11) is **partially granted and partially denied**, as discussed above and summarized below:

1. Doe Defendants 1-30 are dismissed from Counts Three, Four, Five, Six, Seven, and Eight.

2. Plaintiffs' claim for punitive damages against the United States of America is dismissed.

3. The Estate of Raymond Mattia is dismissed with prejudice as a plaintiff

       with respect to Count Six.

4. Counts Three, Four, Five, and Eight are dismissed without prejudice and with leave for Plaintiffs to move to reinstate the claims once a personal representative of the Estate of Raymond Mattia has been appointed. Count Seven is dismissed without prejudice and with leave for Plaintiffs to move to reinstate the claim to the extent it is asserted by the Estate of Raymond Mattia.

5. Defendant's Motion to Dismiss is denied to the extent it seeks dismissal of Annette Mattia's intentional infliction of emotional distress claim asserted in Count Seven.

Dated this 21st day of November, 2024.

_____
Honorable Rosemary Márquez
United States District Judge