GARY M. RESTAINO
United States Attorney
District of Arizona
GABRIEL A. PERAZA
Assistant U.S. Attorney
Arizona State Bar No. 027428
J. COLE HERNANDEZ
Assistant U.S. Attorney
Arizona State Bar No.  018802
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Civil fax: (520) 620-7149
Email: gabriel.peraza@usdoj.gov
         cole.hernandez@usdoj.gov
*Attorneys for Defendant*
*United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Mattia, et. al., | CV-24-00252-TUC-RM |
| Plaintiffs, | **DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| United States of America, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as applicable, defendant United States of America (the "United States") moves to dismiss Counts Three, Four, Five, Seven and Eight of Plaintiffs' First Amended Complaint (Doc. 24).[1]  This motion is supported by the following Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     Introduction.**

In the original Complaint (Doc. 1), the Estate of Raymond Mattia, Sr. (the "Estate") asserted six survival claims pursuant to the Federal Tort Claims Act,  28 U.S.C. § 2671, *et*

---

[1] Pursuant to LRCiv 12.1(c), undersigned counsel hereby certifies that he notified and conferred with Plaintiffs' counsel on multiple occasions regarding the Rue 12(b)(6) related arguments raised herein.  As noted in Plaintiffs' recent unopposed motion seeking leave to file the First Amended Complaint, the United States' counsel advised Plaintiffs' counsel of the United States' intention to move to dismiss the First Amended Complaint based on the arguments raised in the United States' prior Motion to Dismiss. Doc. 21 at n. 3.

*seq*. ("FTCA"). The Court dismissed all six of the Estate's survival claims because they were not brought in the name of a duly appointed personal representative. Doc. 20. The Court's dismissal was "without prejudice and with leave for Plaintiffs to move to amend their Complaint to reinstate the claims once a personal representative of the Estate has been appointed." *Id*. at 5:11-13. Given the posture of the dismissal, the Court noted that it "declines to consider at this time the parties' other arguments concerning those claims," including, without limitation, the United States' arguments that the Estate's survival claims could not as a matter of law result in an award of damages for pre-death pain and suffering—as sought in the Complaint—and that the Estate had not stated (and could not state) a claim for general or aggravated negligence as a matter of law. *Id*. at 5:14-18.

Plaintiffs' First Amended Complaint reasserts the Estate's survival claims, albeit now in the name of a personal representative (Raymond Mattia, Jr). Doc. 24. Accordingly, the United States hereby resubmits to the Court for determination the arguments that the Court previously declined to consider in connection with the United States' Motion to Dismiss directed at the original Complaint. Specifically, the Court should dismiss all the Estate's survival claims for failure to state a claim because they each seek damages for pre-death pain and suffering in direct contravention of Arizona's survival statute, A.R.S. § 14-3110. Additionally, the Court should dismiss the Estate's negligence claims for failure to state a claim because they are based on allegations of federal law enforcement officers' *intentional* use of force, and Arizona law does not permit such claims. Lastly, the Court should dismiss the Estate's aggravated negligence claim for failure to state a claim because it is not a cognizable claim under Arizona law.

The Court should also dismiss all the Estate's survival claims and plaintiff Annette Mattia's separate intentional infliction of emotional distress ("IIED") claim for lack of subject matter jurisdiction because the subject administrative claim (*see* Doc. 16-1) does not satisfy the sum certain requirement of 28 U.S.C. § 2675 vis-à-vis each of the Estate's survival claims and Ms. Mattia's individual IIED claim. And the pre-lawsuit sum certain demand requirement is jurisdictional. *See Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002)

("The provision of § 2675(b) that requires that an action cannot be instituted for any sum in excess of the amount of the claim presented makes it apparent that the claim must state a sum certain.").

The United States recognizes that the Court found in connection with the prior Motion to Dismiss that Ms. Mattia "put the Government on fair notice of [her] [IIED] claim."[2] Doc. 20 at 6:26-27. However, in ruling on the instant motion, the Court should consider the narrow issue of whether Ms. Mattia satisfied the *jurisdictional* sum certain demand requirement of § 2675 with respect to her IIED claim, as opposed to whether the United States had "fair notice" of her claim, for three separate reasons.

First, the pleadings started anew with the filing of the First Amended Complaint because "an amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).[3] Second, the portion of the Court's Order inferring that Ms. Matia joined in a demand for "a sum certain of $15,000,000" (*see* Doc. 20 at 6:17-18) suggests the Court may have not considered the language in the administrative claim expressly providing that $14,000,000 of the $15,000,000 figure was specifically for the "wrongful death" claim (*see* Doc. 16-1 at 5) (i.e., the claim asserted by plaintiffs Raymond Mattia, Jr. and Ariel Mattia only in Count Six), and the remaining $1,000,000 amount was neither apportioned between the remaining claimants nor apportioned between the various other claims asserted against the United States in this litigation. *See* Doc. 16-1 at 5; *see also Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977) (holding that a sum certain demanded for a group of plaintiffs does not satisfy § 2675, and therefore "the case must be treated as if no administrative claim had

---

[2] The Court has neither been presented with nor decided the issue of whether the Estate, while acting without a personal representative, satisfied the claim presentation requirements of 28 U.S.C. § 2675.

[3] *See also Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) (recognizing that the filing of an amended complaint renders the original complaint "without legal effect"); *see also Armstrong v. Davis*, 275 F.3d 849, 878 (9th Cir. 2001) ("[A]n amended pleading supersedes the original.") (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1989)).

ever been filed"). Third, Courts have an independent and ongoing duty to evaluate whether subject matter jurisdiction exists. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**II.    Legal Standards.**

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. Courts must consider the threshold issue of jurisdiction before addressing the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiffs bear the burden of establishing jurisdiction to survive a motion to dismiss. *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In effect, the court presumes lack of jurisdiction until the plaintiff provides otherwise." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). The court may look beyond the complaint's allegations to determine whether subject matter jurisdiction exists. *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997). The court can also hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the motion as one for summary judgment. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).

A defendant may also move to dismiss a complaint for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure. To avoid dismissal under Rule 12(b)(6), a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level" and must be sufficient to "state a claim to relief that is plausible on its face." *Id*. at 555, 570. A claim has "facial plausibility" when the plaintiff pleads "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals

of a cause of action's elements, supported by mere conclusory statements." *Id*. Moreover, "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id*. at 664.

### III. Legal Analysis.

#### A. The Court Should Dismiss the Estate's Survival Claims for Failure to State a Claim.

The Estate asserted six survival claims against the United States in the First Amended Complaint pursuant to the FTCA. The applicable law in an FTCA action is the law of the state where the alleged tortious act or omission occurred. 28 U.S.C. § 1346(b)(1). Therefore, in addition to the provisions of the FTCA, Arizona law applies and governs the tort claims asserted in this action. The Court should dismiss Counts Three, Four, Five, Seven and Eight for the following reasons.

##### 1. The Survival Statute Bars Any Claim Seeking An Award of Damages for Pre-Death Pain and Suffering.

"A survival statute claim 'provides for recovery of damages sustained by the decedent *from the time of injury until [his] death*' and 'passes from the decedent to the personal representative, and becomes an asset of the estate.'" *McDonald v. United States Postal Serv.*, 582 F. Supp. 3d 682, 686 (D. Ariz. 2022) (quoting *Gandy v. United States*, 437 F.Supp.2d 1085, 1087 (D. Ariz. 2006)) (emphasis added). However, Arizona's survival statute, A.R.S. § 14-3110, bars a personal representative from bringing a claim to recover "damages for pain and suffering" in the event of the death of the injured person. Thus, Arizona law is clear that a "decedent's personal injury action may be asserted by the personal representative of [his] estate, on behalf of the estate, provid[ed] that 'damages for pain and suffering of such injured person *shall not* be allowed.'" *Robbins v. United States*, No. CIV03-1224PCT-JAT, 2006 WL 359948, at *6 (D. Ariz. Feb. 14, 2006) (quoting A.R.S. § 14-3110) (emphasis added). And "[t]he only way that [a] [p]laintiff can recover non-economic damages [under these circumstances] is to assert a claim for wrongful death[.]" *Id*. There is nothing in the FTCA that changes Arizona law in this regard.

Here, if the Estate is successful on a survival claim—whether assault (Count Three), battery (Count Four), negligence (Count Five), IIED (Count Seven) or aggravated negligence (Count Eight)—it could only recover damages sustained by Mr. Mattia from the time he was first injured until his death excluding any damages for pain and suffering, which includes any emotional distress. *See*, *e.g.*, *Quintero v. Rogers*, 221 Ariz. 536, 539, 212 P.3d 874, 877 (App. 2009) ("[R]ecognizing a right to pursue damages for loss of enjoyment of life when the statute excludes damages for the decedent's 'pain and suffering' would be contrary to the Legislature's intent."). However, the First Amended Complaint does not allege that Mr. Mattia suffered any damages other than pain and suffering or emotional distress during the brief period of time between his initial injury and death. Rather, the First Amended Complaint focuses on pain and suffering and emotional distress as the basis for the Estate's claimed damages under each of its survival claims. *See*, e.g., Doc. 24 at ¶ 108 ("Defendants' actions caused Mr. Mattia substantial harm, pain, suffering, and death."), and ¶ 119 ("Defendants intended to cause, and did cause, Mr. Mattia to experience severe physical injury and emotional distress."). In fact, as to the Estate's IIED claim specifically, the appropriate measure of damages for an IIED claim could only be pre-death suffering, albeit emotional suffering or loss of enjoyment of life prior to death, and such damages are expressly barred under the survival statute. *See*, *e.g.*, *Popal v. Beck*, No. 1 CA-CV 20-0346, 2022 WL 457363, at *2 (Ariz. App. Feb. 15, 2022), *review denied* (Aug. 23, 2022) ("Arizona's preclusion of an award for damages for pain and suffering of an injured person upon death includes damages for the loss of enjoyment of life.").

Relatedly, in *Est. of Madden by Madden v. Lockhart*, the plaintiffs asserted both a *Bivens* claim for an alleged Eight Amendment violation and an FTCA claim for wrongful death. No. 03-CV-346 TUC JMR, 2009 WL 10707940, at *1 (D. Ariz. Mar. 17, 2009). The district court expressly recognized that the plaintiffs could not recover for the decedent's pre-death pain and suffering based on Arizona's survival statute. *Id*. at *6, n. 7. The district court reasoned: "Plaintiffs appear to argue that the negligence of Defendants caused injury to Madden in the form of unnecessary and prolonged suffering and an earlier

death. These claims must also be dismissed, as Arizona law provides that damages shall not be allowed for pain and suffering upon the death of the injured person, a prohibition that extends to Madden's estate as well." *Id*. (citing A.R.S. § 14-3110).

In accordance with Arizona law, the Court should dismiss the Estate's claims in Counts Three, Four, Five, Seven and Eight because the First Amended Complaint does not allege that Mr. Mattia suffered any damages other than pain and suffering and emotional distress during the brief period of time between his initial injury and death.  Alternatively, and at a minimum, the Court should enter an order recognizing that any award of damages to the Estate in connection with Counts Three, Four, Five, Seven and/or Eight: (1) shall be limited to damages sustained by Mr. Mattia during the time between his initial injury and death; and (2) shall not include damages for pain and suffering.

**2.     Arizona Law Bars Any Negligence Claim Based on Allegations of Intentional Use of Force.**

Arizona law is clear that "negligence and intent are mutually exclusive grounds for liability" and, with respect to use of force, are inconsistent under Arizona law. *Ryan v. Napier*, 425 P.3d 230, 236 (2018).  Thus, "[i]n Arizona, plaintiffs cannot base a negligence claim on an intentional use of force nor on a law enforcement officer's negligent 'evaluation' of whether to intentionally use force." *Liberti v. City of Scottsdale*, 816 F. App'x 89, 91 (9th Cir. 2020) (quoting *Ryan*, 425 P.3d at 236) (some quotations omitted)).

Thus, for example, "if a defendant acts with the intent to cause a harmful or offensive touching (battery), that same act cannot [also] constitute negligence." *Ryan*, 425 P.3d at 236.  This is so because negligence requires proof of, among other things, a duty, a breach of that duty, and a causal connection between the breach and injury.  *Id*. at 235. Intentional torts, on the other hand, require proof that an actor desires to cause the consequences of his act or that he believes the consequences are substantially certain to result from his act.  *Id*.  As a result of these differences, the Supreme Court of Arizona held in *Ryan* that a plaintiff cannot state a negligence claim based on allegations that a law enforcement officer *intentionally* used force.  *Id*. at 236 ("We therefore disagree with the

trial court that negligent use of intentionally inflicted force is a cognizable claim . . . [and] disagree with the court of appeals and . . . that negligence liability can result from a law enforcement officer's 'evaluation' of whether to intentionally use force against another person."). The Supreme Court of Arizona further reasoned that "permitting negligence liability to rest on an officer's internal evaluation of the need for intentionally inflicted force could permit plaintiffs to 'plead around' statutory provisions that apply only to intentional tort claims." *Id*. at 237.

Additionally, in the specific context of the use of deadly force by a law enforcement officer, Arizona law, A.R.S. §§ 13-413 and 13-410(C)(1), provides that "a peace officer is not liable for civil damages for injuries sustained in connection with a justified use of deadly force . . . even if the injuries were proximately caused by the officer's negligence[.]" *Lopez v. United States*, 17 F.3d 395 (9th Cir. 1994) (recognizing the provisions of A.R.S. §§ 13-410(C) and 13-413 extend to FTCA claims brought against the United States) (citing *Garcia v. United States,* 826 F.2d 806, 810 (9th Cir.1987)); *see also* A.R.S. § 13-410(C) (setting forth the circumstances under which the use of deadly force by law enforcement is justified); *see also* A.R.S. § 13-413 ("No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter.").

Here, the Estate's negligence claims (Counts Five and Eight) are barred under Arizona law because they are based on allegations of the agents' *intentional* use of deadly force. *See, e.g.,* Doc. 1 at ¶ 94 ("Defendants' actions were intended to cause harm . . ."), ¶ 98 ("Defendants acted with an intent to cause harmful or offense contact with Mr. Mattia."), ¶ 99 ("The intended harmful or offensive contact did occur. Specifically, Defendants shot and killed Mr. Mattia without just cause."), ¶ 100 ("Defendants' actions were intended to cause harm . . ."), ¶ 113 ("Defendants' actions were intended to cause harm . . ."); ¶ 118 ("Defendants intended to cause, and did cause, Mr. Mattia to experience severe physical injury and emotional distress . . ."); ¶ 120 ("Defendants' actions were intended to cause harm . . ."); ¶ 126 ("Defendants' actions were intended to cause harm . . ."); and ¶ 131 ("By intentionally shooting . . . Mr. Mattia . . . Defendants' actions were

intended to cause harm.").

The dispositive question for a fact finder in this case is not whether the agents exercised reasonable care or breached a duty of care while using deadly force, but rather whether the agents' intentional use of deadly force was justified based on their reasonable beliefs. Accordingly, the Court should not allow the negligence claims to proceed. *See Ryan*, 425 P.3d at 237 ("An actor's internal evaluation about whether to use force and the decision to do so are not 'acts' and therefore cannot, by themselves, constitute negligence."). For these additional and alternative reasons, the Court should dismiss Counts Five and Eight for failure to state a claim.

### 3. Arizona Law Does Not Recognize a Claim for Aggravated Negligence.

Arizona law does not recognize a claim for aggravated negligence that is separate and distinct from a general negligence claim. *See DeElena v. S. Pac. Co.*, 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979) ("Appellant argues that wanton misconduct is a tort wholly separate from negligence. But it is settled that wanton misconduct is aggravated negligence. . . . [and] [t]he rules by which liability for wanton misconduct is determined are the same as those by which liability for simple negligence is decided.") (citing the Restatement (Second) of Torts § 501 (1965)); *see also Taylor v. Bos. Sci. Corp.*, No. CV-19-05499-PHX-DJH, 2020 WL 4592923, at *4 (D. Ariz. Aug. 5, 2020) ("In Arizona, aggravated negligence is not a tort wholly separate from negligence[.]") (following *DeElena*). Indeed, the concept of aggravated negligence is virtually absent from the general framework of Arizona personal injury law and only exists for limited purposes in extremely narrow contexts, none of which apply here.[4] For this additional and alternative reason, the Court should dismiss Count Eight for failure to state a claim.

---

[4] For example, certain Arizona statutes recognize alternative forms of negligence in limited contexts, such as under comparative fault principles or certain statutory immunities. *See* A.R.S. §§ 12-820.02 (recognizing gross negligence in the context of qualified immunity); 12-2505 (recognizing willful or wanton conduct in the context of comparative fault), 33-1551(A) (recognizing willful, malicious or grossly negligent conduct in the context of premises liability under the recreational use immunity statute).

**B.   The Court Should Dismiss All the Estate's Survival Claims and Ms. Mattia's Separate IIED Claim Because They Failed to Present Their Claims in Accordance with 28 U.S.C. § 2675(a).**

The United States, as a sovereign entity, "is immune from suit except insofar as it has specifically and expressly consented to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (quotation omitted). "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman*, 453 U.S. at 160 (internal quotes and citations omitted). The FTCA is a "limited waiver of the United States' sovereign immunity" for tort claims. *Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016). Importantly, "[t]he FTCA is the exclusive remedy for tortious conduct by the United States" and courts lack discretion to "enlarge its waiver beyond what the statute requires." *F.D.I.C. v. Craft*, 157 F.3d 697, 706-07 (9th Cir. 1998).

Prior to filing a lawsuit that asserts a tort claim against the United States under the FTCA, a claimant must satisfy certain statutory prerequisites. Of relevance here, 28 U.S.C. § 2675(a) requires the claimant or his legal representative to submit to the appropriate Federal agency "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, *and* (2) a sum certain damages claim." *See Blair*, 304 F.3d at 865 (internal quotations omitted and emphasis added). "Both requirements are jurisdictional." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); *see also Castro v. United States*, No. 23-15841, 2024 WL 2892438, at *1 (9th Cir. June 10, 2024) (citing *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982)). And because the notice and demand for sum certain requirements are jurisdictional, they "must be strictly adhered to." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)). Indeed, "[t]he Supreme Court has said that § 2675(a) means that Congress intended to require complete exhaustion of other remedies before allowing an injured party to invoke the judicial process." *Kinlichee*, 929 F. Supp. 2d at 955 (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

Here, the Estate did not present its survival claims and Ms. Mattia did not present her individual IIED claim to the United States in accordance with the requirements of 28

U.S.C. § 2675(a) because the written administrative claim referenced in the First Amended Complaint does not demand a sum certain as damages for each of the Estate's survival claims or Ms. Mattia's separate IIED claim. *See* Doc. 16-1. In fact, the Estate lacked a duly appointed personal representative with authority to demand a sum certain on behalf of the Estate at the time the administrative claim was submitted. *Compare* Doc. 24 at ¶ 19 ("Plaintiffs timely served Defendants with an administrative claim . . . on or about November 15, 2023.") *with* Doc. 21 at 2:18-25 ("[W]hile the United States's motion to dismiss was pending, Raymond Mattia Jr. . . . filed a petition in the Judicial Court of the Tohono O'Odham Nation seeking appointment as personal representative of the Estate of Raymond Mattia Sr.").

The subject administrative claim demanded $14,000,000 as compensation for the "wrongful death" claim (Count Six) and an additional $1,000,000 for "personal injury." Doc. 16-1 at 5 (§§ 12(b)-(d)). However, it neither apportioned the $1,000,000 between the claimants identified therein nor apportioned it between the various other claims asserted against the United States in this litigation, including the Estate's claims for assault, battery, negligence, IIED and aggravated negligence and Ms. Mattia's claim for IIED. The following table illustrates the extent of the demand in the administrative claim *when read in conjunction with the claims asserted in the First Amended Complaint*:

| Claimant | Claim | Sum Certain Demanded |
|---|---|---|
| Surviving Adult Children | Wrongful Death | $14,000,000 |
| Estate | Battery | |
| Estate | Assault | |
| Estate | Negligence | |
| Estate | IIED | |
| Estate | Aggravated Negligence | |
| Ms. Matta | IIED | |

The Estate and Ms. Mattia cannot as a matter of law rely on the residual $1,000,000 in the administrative claim as evidence of their compliance with the sum certain demand requirement. As explained by the circuit court in *Turner ex rel. Turner v. United States*: "in multiple claimant actions under the FTCA, each claimant must <u>*individually*</u> satisfy the jurisdictional prerequisite of filing a proper claim. If the claimant fails to provide a sum certain within the claim, the administrative claim fails to meet the statutory prerequisite . . ." 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotations omitted and emphasis added). Thus, "[w]here separate claims are aggregated under the FTCA, the claimant must present the government with a <u>*definite*</u> damage amount for <u>*each*</u> claim." *Keene Corp. v. United States,* 700 F.2d 836, 842 (2d Cir.1983) (emphasis added). The Ninth Circuit has held that the same is true when a single claimant is asserting multiple claims and fails to identify the specific amount demanded for each of the claims. *See Blair*, 304 F.3d at 865-69 (finding proper exhaustion of a claim for lost wages but not a claim for medical expenses because the administrative claim did not specifically set forth a sum certain for the claimed medical expenses).

Dismissal for lack of subject matter jurisdiction is appropriate under these circumstances. *See Caidin*, 564 F.2d at 287 (9th Cir. 1977) (holding that a sum certain demanded for a group of plaintiffs does not satisfy § 2675, and therefore "the case must be treated as if no administrative claim had ever been filed"); *see also Castro*, 2024 WL 2892438, at *2 (affirming summary judgment in favor of the United States on the plaintiffs' personal injury claims because § 2675(a) required a "specific valuation of their personal injury claims"). Accordingly, the Court should dismiss the Estate's survival claims and Ms. Mattia's IIED claim for lack of subject matter jurisdiction based on binding Ninth Circuit precedent.

**IV.   Conclusion.**

For the foregoing reasons, the United States requests the Court dismiss the Estate's claims asserted in Counts Three, Four, Five, Seven and Eight for failure to state claim. Additionally, the United States requests the Court dismiss all the Estate's claims and Ms.

Mattia's separate IIED claim (included in Count Seven) for lack of subject matter jurisdiction. For this Court to find that subject matter jurisdiction is proper, it must be able to identify what portion of the amount included in the administrative claim relates to each respective claim (i.e., the statutory damages cap for each claim) because in an FTCA action, a claimant cannot recover damages in an amount that exceeds the sum certain demanded in the administrative claim. 28 U.S.C. § 2675(b).

Respectfully submitted December 20, 2024.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/Gabriel A. Peraza*
> GABRIEL A. PERAZA
> J. COLE HERNANDEZ
> Assistant U.S. Attorneys
> *Attorneys for Defendant*
> *United States of America*