Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
McKENZIE SCOTT, PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

RYAN W. STITT
California State Bar No. 273651
TOMMY H. VU
California State Bar No. 273760
STITT VU TRIAL LAWYERS APC
185 W F St., Ste. 100-K
San Diego, California 92101
Telephone: (619) 255-0553
rstitt@stittvu.com
tvu@stittvu.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Mattia; Ariel Mattia; and Raymond Mattia Jr., in their individual capacities and on behalf of the Estate of Raymond Mattia,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America; Scott Whitehouse; Dan Sifuentes; Ivan Torralva; Doe Border Patrol Agents 4-30, individually and in their official capacities, inclusive,<br><br>Defendants. | Case No.: 4:24-cv-00252-RM<br><br>**JOINT REPORT**<br><br>Hon. Rosemary Marquez |

The parties, by and through their respective counsel, submit the following joint report.

//

//

**1. The nature of the case.**

This case concerns a shooting on the night of May 18, 2023, in which multiple Customs and Border Protection Agents named as individual defendants here (the "CBP Agents") discharged their firearms at Raymond Mattia resulting in his death.

Now that the Court has resolved defendants' motions to dismiss, the following claims and causes of action remain:

- claims for excessive force in violation of the Fourth Amendment and pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), by the Estate of Raymond Mattia ("the Estate") against the CBP Agents;
- claims for assault and for battery by the Estate against the United States;
- claims for wrongful death by Ariel Mattia and Raymond Mattia Jr. (Raymond Mattia's children) against the United States; and
- claims by Annette Mattia and the Estate against the United States for intentional infliction of emotional distress.

Plaintiffs seek compensatory damages as well as punitive damages against the CBP Agents.

The CBP Agents contend they are entitled to qualified immunity and all of the defendants contend the CBP Agents' use of force was reasonable under the circumstances presented to them, justified under Arizona justification statutes, and that it does not support plaintiffs' claims. The Court has ordered that any recovery on the Estate's survival claims against the United States "is limited to damages sustained by Raymond Mattia from the time of his initial injury until his death, and excludes damages for pain and suffering." Doc. 36 at 6.

**2. The elements of proof.**

<u>Claims under *Bivens* for excessive force</u> (9th Cir. Model Civ. Jury Inst. 9.25 & 9.35)

1. The defendants used excessive force.
2. The defendants acted under color of federal law.

Additionally, in order to obtain punitive damages against the CBP Agents pursuant to the *Bivens* claim, plaintiffs must prove that punitive damages should be awarded because the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. (9th Cir. Civ. Jury Inst. 5.5).

The elements of plaintiffs remaining claims are as follows.

Claim for Assault (*Garcia v. United States*, 826 F.2d 806, 810 (9th Cir. 1987) (citing Restatement (Second) of Torts § 21 (1965)):

1. One or more of the United States' employees acted with intent to cause harmful or offensive contact or apprehension thereof.
2. Raymond Mattia apprehended imminent contact.

Claim for Battery (*Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 309 (2003) (citing Restatement (Second) of Torts §§ 13, 18 (1965)):

1. One or more of the United States' employees intentionally engaged in an act that results in harmful or offensive contact with Raymond Mattia.

Claims for Wrongful Death (A.R.S. § 12-611):

1. Raymond Mattia's death was caused by a wrongful act, neglect or default.
2. The act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages.

Claims for Intentional Infliction of Emotional Distress (*Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987)):

1. One or more of the United States' employees engaged in conduct that was "extreme" and "outrageous."
2. The employee(s) either intended to cause emotional distress or recklessly disregarded the near certainty that such distress will result from their conduct.
3. Severe emotional distress must indeed occur as a result of their conduct.

Pursuant to 28 U.S.C.A. § 1346(b)(1), for plaintiffs' claims against the United States, they must prove the claims arising under Arizona law are predicated upon the acts of an employee of the United States Government while acting within

the scope of his office or employment.

The Defendants raise defenses, including affirmative defenses. The United States asserts the following defenses:

1. All conduct that forms the basis of Plaintiffs' Complaint, including, without limitation, the use of deadly force, was justified under Arizona justification statutes, including, without limitation, A.R.S. §§ 13-404, 13-405, and 13-413.

2. Notwithstanding the Court's ruling on the United States' motion to dismiss, the United States asserts the defense of failure to exhaust administrative remedies to the extent Plaintiffs assert claims or issues in this action that were not timely presented on an administrative level and prosecuted to completion. 28 U.S.C. §§ 2401(b) and 2675(b).

3. Plaintiffs' damages, if any, are limited to those damages recoverable under the FTCA, and under no circumstance shall they exceed the amount identified in a timely and properly filed administrative claim pursuant to 28 U.S.C. §§ 2401(b) and 2675(b).

4. The use of force may be presumed to be justified under A.R.S. § 12-716.

5. One or more of Plaintiffs' claims may be barred by A.R.S. § 12-712.

6. Defendants were not the actual or proximate cause of injuries.

7. Plaintiffs' alleged injuries, damages, and/or losses were caused by Plaintiffs and/or Mr. Mattia.

8. A plaintiff has a duty to use reasonable efforts to mitigate damages. The defendant must prove (1) plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated.

Defendants Sifuentes, Torralva, and Whitehouse assert the following defenses:

1. No implied claim is available. An implied constitutional claim must be dismissed if two elements are satisfied: (1) it presents a new context; and (2) special factors counsel hesitation against implying a claim. *Egbert v. Boule*, 596 U.S. 482 (2022).

2. The individual defendants are entitled to qualified immunity. Defendants are entitled to qualified immunity unless two elements are satisfied: (1) they violated a constitutional right; and (2) the unlawfulness of their conduct was clearly established at the time. *D.C. v. Wesby*, 583 U.S. 48 (2018).

3. Defendants were not the actual or proximate cause of injuries. 9th Cir. Civ. Jury Inst. 9.35 cmt; *see Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

4. Plaintiffs' alleged injuries, damages, and/or losses were caused by Plaintiffs and/or Mr. Mattia. 9th Cir. Civ. Jury Inst. 9.35 cmt; *see Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

5. A plaintiff has a duty to use reasonable efforts to mitigate damages. The defendant must prove (1) plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated. 9th Cir. Civ. Jury Inst. 5.3.

6. The individual defendants may be held liable only for their individual actions, not based on any theory of *respondeat superior* or any other derivative liability theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

7. Defendant did not engage in any conduct that warrants the imposition of punitive damages. 9th Cir. Civ. Jury Inst. 5.5.

**3. The factual and legal issues genuinely in dispute.**

Because the parties have not yet begun discovery, they cannot yet discern which factual and legal issues may be in dispute. Thus, except for the factual allegations in Plaintiffs' First Amended Complaint that the defendants admitted in their respective Answers, all factual and legal issues are currently disputed. The parties commit to working cooperatively throughout discovery to narrow factual and legal disputes for the Court.

At this time, the parties primarily anticipate a dispute about the reasonableness of the CBP Agents' discharge of their weapons, whether their use

of force was justified under Arizona justification statutes, whether their intentions rise to a level justifying punitive damages as to the *Bivens* claims, and the extent of any damages.

The parties agree and anticipate stipulating that the CBP Agents present at the scene of this incident were all acting under color of federal law, and they were employees of United States Government acting within the scope of their employment at all relevant times.

With respect to legal disputes, the parties dispute whether the CBP Agents are entitled to qualified immunity and whether a *Bivens* cause of action may proceed here. The Court has already resolved the foregoing issues insofar as Rule 12(b)(6) motions are concerned, but defendants anticipate continuing to pursue them.

**4. The jurisdictional basis for the case.**

Jurisdiction is founded on a federal question under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1346(b)(1) because the United States is a defendant. Jurisdiction is partially disputed because the United States challenges plaintiffs' compliance with the FTCA's administrative exhaustion requirements, which is a jurisdictional requirement. The Court has resolved that jurisdictional challenge in plaintiffs' favor. ECF No. 36.

**5. The parties served.**

All named parties have been served and have answered.

**6. The names of parties not subject to the Court's jurisdiction.**

All parties are subject to the Court's jurisdiction.

**7. Dispositive pretrial motions.**

At this stage the parties have not yet identified any dispositive or partially dispositive issues to be decided by pre-trial motions other than the individual defendants' pursuit of qualified immunity and the availability of an implied constitutional claim, which they anticipate raising via motion for summary judgment. The parties will consider whether any other dispositive motions pursuant to

Fed. R. Civ. P. 56 are appropriate as discovery proceeds. Further, the parties anticipate that they may file pre-trial motions, including, without limitation, motions *in limine*. Finally, the parties may file a stipulated motion for a protective order in connection with materials that may be disclosed in this matter.

**8. Cross-Motions for Summary Judgment.**

The parties do not presently anticipate cross-motions for summary judgment and do not request an abbreviated briefing schedule.

**9. Related Cases – None.**

**10. Proposed changes to Initial Disclosures.**

The parties jointly request until September 30, 2025, to make initial disclosures to afford defendants adequate time to coordinate with involved agencies and individuals and to permit plaintiffs' counsel to coordinate with their multiple clients.

**11. Suggested changes to the limitations on discovery.**

Given the number of parties and potential witnesses, the parties respectfully request a modification of the limitations on depositions to allow each side to take 15 depositions (*i.e.*, Plaintiffs collectively may take 15, and Defendants collectively may take 15). The parties will meet and confer in good faith if it becomes necessary for additional modifications.

**12. The Scope and Timing of Discovery.**

The United States is in possession of records and digital files relating to the incident, including body-worn camera videos, audio recordings, and reports as well as other materials relating to a subsequent investigation. The parties believe additional materials and physical evidence are in the possession of the Tohono O'odham Police Department.

The parties agree that discovery need not be conducted in phases, but expect that discovery may require approximately a year to complete (as set forth below) owing to the number of anticipated witness depositions, the volume of materials to

be disclosed, and the necessity of coordinating with witnesses and investigators employed by any involved agencies. The incident itself and relevant events and background leading up to the shooting involved multiple witnesses (both lay and from agencies other than CBP). Additionally, after the shooting, the matter was investigated by multiple agencies. Given the scope of the investigative materials and anticipated discovery, including coordinating numerous depositions, the parties believe this case will necessitate more than 180 days for discovery.

In addition to fact discovery, the parties also anticipate significant expert testimony with multiple experts involved in (potentially) the fields of law enforcement practices, forensics, reconstruction, investigations, and other disciplines. Given the early stage of the case, the parties have yet to identify experts or complete their assessments of the relevant fields of inquiry, but all parties agree that case will very likely involve testimony by multiple experts on both sides in different fields.

The deadline for the individual defendants to file a notice of appeal from the Court's August 7 order is October 6, 2025. FED. R. APP. PROC. 4(a)(1)(B). The individual defendants are evaluating whether to file a notice of appeal; and in the event they do, the individual defendants may file a motion to stay all or part of discovery until any appeal regarding qualified immunity is resolved. The United States may join in any motion to stay filed by the individual defendants. Plaintiffs anticipate opposing any defense request for a stay.

**13. No Issues Related to Disclosure of Electronically Stored Information.**

No issues have arisen relating to electronically stored information ("ESI"). The parties agree that ESI may be produced in paper or PDF form unless otherwise specified in a discovery request. The parties further assert that they may request ESI, such as the production of metadata or the production in native electronic form, only if: (1) the authenticity of the document is in issue; (2) the creation or modification of a document is in issue; or (3) another justifiable reason exists. The parties commit to working

cooperatively to resolve any ESI related issues and will request the Court's assistance if they are unable to resolve any ESI related issue.

14. **Privilege or Work Product.**

No issues have arisen relating to claims of privilege or work product. The parties agree that claims of privilege and work product should be handled in accordance with the Federal Rules of Civil Procedure, including the use of a privilege log.

15. **Evidentiary Hearings.**

Although the parties anticipate expert discovery, it is too early for the parties to discern whether a *Daubert* hearing may be necessary. The parties do not presently anticipate any other pretrial evidentiary hearings.

16. **Trial Timing.**

The parties anticipate the case will be ready for trial by late fall of 2026. The parties estimate trial will require approximately four to ten court days.

17. **Jury Right.**

Plaintiffs have requested a jury trial as to the *Bivens* claims with the remaining FTCA claims to be decided by the Court pursuant to 28 U.S.C. § 2402. The *Bivens* defendants dispute plaintiffs' right to a jury trial insofar as they contend that the *Bivens* claims should not proceed to trial.

18. **Settlement**

At this time the parties believe settlement discussions are premature and that they must exchange and participate in discovery before settlement discussions might be fruitful, if ever. The parties will contact the Court to request a settlement conference after discovery is underway if/when they believe it might be fruitful.

**19-21. Not a Class Action, Complex Case, and No Other Requests.**

This action is not a class action, but given the case's significance, the importance of the issues, and the complexities discussed above, the case should be placed on the complex track.

/ /

Counsel have not identified any additional matters at this time that will aid the Court in resolving the dispute in a more just, expeditious, and efficient manner.

**22. Proposed Deadlines**

The parties jointly propose the following deadlines:

| | |
|---|---|
| Initial disclosures | September 30, 2025 |
| Addition of parties or amending pleadings | December 5, 2025 |
| Plaintiffs' initial expert disclosures under Rule 26(a)(2) | April 10, 2026 |
| Defendants' initial expert disclosures under Rule 26(a)(2) | May 8, 2026 |
| Rebuttal expert disclosures | June 26, 2026 |
| Discovery | July 24, 2026 |
| Filing dispositive motions | August 21, 2026 |
| Filing settlement status reports | September 11, 2026 |
| Filing the Joint Proposed Pretrial Order | September 4, 2026, if no dispositive motion is filed. If a dispositive motion is filed, within 30 days after all dispositive motions are decided. |

Respectfully submitted,

Dated: September 9, 2025

**McKENZIE SCOTT, PC**

By: <u>s/Marcus S. Bourassa</u>
MARCUS S. BOURASSA
TIMOTHY A. SCOTT

**STITT VU TRIAL LAWYERS APC**
RYAN W. STITT
TOMMY H. VU

*Attorneys for Plaintiffs*

BRETT A. SHUMATE
Acting Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, R.
Director
Torts Branch, Civil Division

SIEGMUND F. FUCHS
Senior Trial Attorney
Torts Branch, Civil Division

<u>/s/ Jonathan R. Myers</u>
JONATHAN R. MYERS
Trial Attorney
Torts Branch, Civil Division

*Attorneys for Defendants Dan Sifuentes, Ivan Torralva, and Scott Whitehouse*

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Gabriel A. Peraza*
GABRIEL A. PERAZA
J. COLE HERNANDEZ
Assistant U.S. Attorneys
*Attorneys for Defendant*
*United States of America*