**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Mattia, et al., | No. CV-24-00252-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Stay filed by Defendants Dan Sifuentes, Ivan Torralva, and Scott Whitehouse (the "Individual Defendants") (Doc. 45), and joined in by Defendant United States of America (Doc. 46). For the following reasons, the Court will stay all litigation in this matter as to the Individual Defendants but declines to stay litigation as to the United States of America.

**I.     Background**

In the operative First Amended Complaint ("FAC"), Plaintiffs assert claims against the United States of America under the Federal Tort Claims Act ("FTCA") and claims against the Individual Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971), arising from the death of Raymond Mattia. (Doc. 24.) Defendants filed Motions to Dismiss. (Docs. 28, 31.) On August 7, 2025, the Court granted the Motions to Dismiss with respect to Counts Two, Five, and Eight of the FAC and otherwise denied the Motions. (Doc. 36.) In relevant part, the Court rejected the Individual Defendants' arguments that no *Bivens* remedy exists for the Fourth Amendment

claims asserted against them and that they are entitled to qualified immunity on those claims. (*Id.* at 10-16.)

The Individual Defendants filed a Notice of Interlocutory Appeal on September 25, 2025 (Doc. 44), along with the pending Motion to Stay (Doc. 45).

## II. Legal Standard

An order denying a claim of qualified immunity is immediately appealable to the extent it turns on issues of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 671-72 (2009). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). When a defendant files an interlocutory appeal asserting qualified immunity, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal," unless the district court certifies in writing that the "claim of qualified immunity is frivolous or has been waived." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). An appeal "is frivolous if the results are obvious or the arguments of error are wholly without merit." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991).

A district court retains jurisdiction during an interlocutory appeal "to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). The court has discretionary authority to stay all proceedings based on its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay all proceedings the court must weigh "the competing interests which will be affected," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110

(9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).[1]

### III.  Discussion

Plaintiffs ask the Court to certify the Individual Defendants' appeal as frivolous and thereby retain jurisdiction over the entirety of this case. (Doc. 50 at 3-5.) The Court declines to do so. There is no dispute that the Ninth Circuit has jurisdiction over an interlocutory appeal of a denial of qualified immunity, including jurisdiction to consider an underlying *Bivens* remedy. (*See* Doc. 45 at 3-4; Doc. 50 at 5.)[2] Furthermore, the Court does not find that the Individual Defendants' qualified immunity arguments "are wholly without merit." *Amwest*, 925 F.2d at 1165. Accordingly, the Court declines to certify the Individual Defendants' interlocutory appeal as frivolous. The interlocutory appeal divests this Court of jurisdiction to proceed with respect to the claims against the Individual Defendants, and litigation as to those claims will be stayed. *See Chuman*, 960 F.2d at 105.

In determining whether to stay litigation as to Plaintiffs' claims against the United States—the aspect of the above-captioned case not subject to the Individual Defendants' interlocutory appeal—the Court must weigh the competing interests that would be affected by the granting or denying of a stay. *See Landis*, 299 U.S. at 254-55. The *Bivens* and qualified immunity issues that are the subject of the Individual Defendants' interlocutory appeal are distinct from Plaintiffs' FTCA claims, and the Ninth Circuit's resolution of the

---

[1] Plaintiffs asserts that the Individual Defendants' Motion fails under the *Landis* test as well as the factors outlined in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), namely (1) the Individual Defendants' likelihood of success on the merits of their appeal, (2) whether the Individual Defendants will be irreparably injured absent a stay, (3) whether a stay will substantially injure other interested parties, and (4) the public interest. (Doc. 50 at 5-6.) Defendants argue that the standard for staying proceedings pending an interlocutory appeal is governed solely by *Landis* and the Ninth Circuit's decisions interpreting it. (Doc. 52 at 5-6 n.5.) There is a division among district courts within the Ninth Circuit concerning the appropriate standard for determining whether to stay proceedings pending an interlocutory appeal, with one line of authority applying the *Landis* test and another line applying the test set forth in *Hilton* and *Nken v. Holder*, 556 U.S. 418 (2009). *See Finder v. Leprino Foods Co.*, NO. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017). Here, the Individual Defendants are not entitled to a stay under either the *Landis* or *Hilton* standards, and therefore the Court need not resolve the issue of whether the *Hilton* factors apply.

[2] "Appellate courts may consider the underlying *Bivens* remedy when reviewing an interlocutory order denying qualified immunity—and may even consider it as a matter antecedent to qualified immunity." *Garraway v. Ciufo*, 113 F.4th 1210, 1216 (9th Cir. 2024).

1  interlocutory appeal is unlikely to significantly affect the merits of the FTCA claims. Discovery on the FTCA claims will be necessary, regardless of the outcome of the Individual Defendants' appeal. The granting of a stay will delay discovery as to the FTCA claims, which risks complicating proof via the loss of evidence and witness testimony. The United States articulates no hardship or inequity that it would suffer if required to move forward with discovery during the pendency of the Individual Defendants' interlocutory appeal.

The Individual Defendants argue that the United States Supreme Court's opinion in *Ashcroft v. Iqbal* requires a stay of this entire action, including Plaintiffs' FTCA claims against the United States, because qualified immunity gives the Individual Defendants a right to not only avoid trial but also to avoid the burdens of discovery. (Doc. 45 at 1, 5-7.) In the portion of *Iqbal* relied upon by the Individual Defendants, the United States Supreme Court rejected an argument that the pleading requirements of Federal Rule of Civil Procedure 8 should be relaxed if a court promises that defendants who are entitled to assert qualified immunity will be subjected to "minimally intrusive discovery." 556 U.S. at 685-86. The Supreme Court opined that, even if discovery for defendants asserting qualified immunity were deferred, if discovery proceeded for other defendants, it likely "would prove necessary for [the defendants asserting qualified immunity] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id.* at 685.

Plaintiffs argue in response that the denial of a stay would not subject the Individual Defendants to hardship because the Individual Defendants are essential witnesses who will be subject to discovery regardless of the outcome of their interlocutory appeal. (Doc. 50 at 6-13.) In reply, the Individual Defendants contend that their role in the case will differ depending on whether they are non-party witnesses or defendants at risk of liability, and therefore discovery should be stayed in its entirety due to the concerns set forth by the Supreme Court in *Iqbal*. (Doc. 52 at 4-5.) The parties each identify lines of non-binding authority supporting their respective positions.

While the passage from *Iqbal* quoted above "raises many important concerns, . . . it is non-binding dicta." *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016). "[A] multitude of district court decisions, as well as legal scholarship, have concluded that *Iqbal* . . . never purported to alter long-standing precedent that provides district courts considerable discretion in controlling the scope, timing, and methodology of discovery so as to mandate a global stay of discovery." *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1167 (D.N.M. 2023) (citing cases).

The Court recognizes the Individual Defendants' concern that their role in this case could conceivably differ if the Ninth Circuit's resolution of their interlocutory appeal renders them non-party witnesses rather than defendants. However, this concern is speculative, and the Court must balance it against the other *Landis* factors, all of which favor denying a stay. Given that the United States would suffer no hardship in being required to move forward, and the Individual Defendants will be subject to discovery in some capacity regardless of the outcome of their interlocutory appeal, the Court finds that staying litigation of Plaintiffs' FTCA claims would only serve to "hinder the swift resolution" of this case. *Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2018 WL 3633745, at *2 (D. Ariz. July 31, 2018) (declining to stay all discovery during pendency of interlocutory qualified immunity appeal). The Individual Defendants have not shown that the pendency of their interlocutory appeal warrants thwarting Plaintiffs' ability to proceed with discovery on their FTCA claims against the United States.[3]

**IT IS ORDERED** that Defendants' Motion to Stay (Doc. 45) is **partially granted and partially denied**. Litigation in the above-captioned matter is stayed as to Plaintiffs' claims against Defendants Dan Sifuentes, Ivan Torralva, and Scott Whitehouse, pending resolution of those Defendants' interlocutory appeal. The Motion to Stay is denied to the extent it seeks a stay of litigation with respect to Plaintiffs' FTCA claims against the United

---

[3] Once discovery commences, the Individual Defendants may seek a protective order if they believe specific discovery requests or depositions impose an undue burden on them. *See* Fed. R. Civ. P. 26(c)(1). Furthermore, Defendants may refile a motion to stay if the Individual Defendants' interlocutory appeal remains pending at the time this case is ready to be set for trial.

1  States of America.

2  **IT IS FURTHER ORDERED** that within **ten (10) days** of the date this Order is
3  filed, Plaintiffs and Defendant United States of America shall jointly file revised proposed
4  deadlines for initial disclosures; moving to add parties or amend pleadings; expert
5  disclosures, the completion of discovery, and the filing of dispositive motions, settlement
6  status reports, and a Joint Proposed Pretrial Order. (*See* Docs. 37, 42.)

7  Dated this 26th day of November, 2025.

_____
Honorable Rosemary Márquez
United States District Judge