**RYAN W. STITT**
California State Bar No. 273651
**TOMMY H. VU**
California State Bar No. 273760
**STITT VU TRIAL LAWYERS APC**
185 W F St., Ste. 100-K
San Diego, California 92101
Telephone: (619) 255-0553
rstitt@stittvu.com
tvu@stittvu.com

**TIMOTHY A. SCOTT**
California State Bar No. 215074
**MARCUS S. BOURASSA**
California State Bar No. 316125
**MCKENZIE SCOTT PC**
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
tscott@mckenziescott.com
mbourassa@mckenziescott.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANNETTE MATTIA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 24-CV-252-TUC-RM<br><br>**PLAINTIFFS' MOTION TO COMPEL**<br><br>Hon. Rosemary Marquez |

## I. Introduction.

Without justification Border Patrol Agents Shot and killed Raymond Mattia in front of his home on May 18, 2023. He was unarmed, compliant and posed no threat to the agents. Nevertheless, the agents fired a hail of gunfire at Mr. Mattia. Mr. Mattia was struck multiple times by gunfire and died in front of his home. This lawsuit seeks to hold the agents who killed Mr. Mattia accountable for his unjustified killing.

## II. Procedural history.

This motion focuses on the United States's response to written discovery. As relevant for this motion, on November 26, 2025, the Court denied the Defendants' motion to stay the proceedings during the interlocutory appeal of the Court's partial denial of its motion to dismiss. *See* Dkt. No. 54. That order allowed Plaintiffs to proceed with discovery against the United States, but stayed proceedings against the individual defendants pending resolution of their interlocutory appeal.[1]

Following the Court's stay order, the amended scheduling order required initial disclosures to be disclosed by December 31, 2025. *See* Dkt. No. 56. The United States filed a timely notice with the Court stating that it had provided its initial disclosure statement. *See* Dkt. No. 57. However, it did not provide any records associated with its disclosure statement, and it represented in emails to Plaintiffs' counsel that it was in the process of doing so.

Defendants ultimately made the first document production at the end of February 2026, and the production followed many email follow ups and a request from Plaintiffs that Defendants advise the Court of the delay in production. Defendants declined to update the Court that it had delayed nearly two months after the initial disclosure deadline to produce the first document in discovery.

After reviewing the records produced by Defendants, Plaintiffs propounded written discovery on May 15, 2026 to the Defendant, United States, pursuant to the Court's stay order. The Defendant requested multiple extensions to provide a response to the written discovery, and Plaintiffs agreed in an effort to work

---

[1] The Ninth Circuit Court of Appeals dismissed Defendants' interlocutory appeal for lack of jurisdiction in a memorandum decision. *Mattia et al., v. Whitehouse et al.,* 2026 WL 2676782 (9th Cir. Sept. 11, 2026) (unpublished). The Defendants have requested an extension to seek en banc review because the assigned attorney is taking a preplanned vacation, Plaintiffs have opposed the extension, and the extension request remains pending.

cooperatively on the case and also because Defense counsel assured Plaintiffs' counsel that the extensions were necessary to provide fulsome responses to the discovery. Defense counsel agreed to try to provide advance notice of legal objections to the discovery requests, and the United States ultimately received four months to provide its responses. Defense counsel provided no advance notice of legal issues in the discovery responses, and the responses were ultimately produced on September 17, 2026. This motion addresses the many deficiencies in the discovery responses.

## III. Statement of facts.

Plaintiffs propounded written Requests for Admission ("RFA"), Requests for Production ("RFP") and Interrogatories ("SROG") on Defendant the United States on May 15, 2026. *See* Declaration of Ryan W. Stitt, ¶ 4. Defense counsel requested and received multiple extensions to respond, and eventually provided the responses at issue in this motion on September 17, 2026. *Id.* ¶ 6.

Plaintiffs counsel sent Defendants an extensive meet and confer letter regarding the discovery responses, and the parties met over video conference on October 14, 2026. *Id.* ¶¶ 8-9. During the meet and confer conference, Defense counsel agreed to verify three of the interrogatory responses, but declined to verify the remainder. *Id.* ¶¶ 10-11.

Plaintiffs counsel further discussed each contested RFA, RFP or SROG response with Defense counsel in an effort to reach agreement, and the United States declined to amend any of its answers to responses raised in this motion. *Id.* ¶ 12.

The precise questions, responses and deficiencies are contained in the attached LRCiv 37.1 Statement.

//

//

## IV. The Court should grant the motion to compel and order the United States to verify its interrogatory responses, to cure deficient interrogatory responses, to provide complete answers to specific requests for admission, and to produce withheld records.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of nonprivileged information relevant to any party's claim or defense and proportional to the needs of the case. Proportionality depends on the importance of the issues, the amount in controversy, the parties' relative access to relevant information, their resources, the discovery's importance in resolving the issues, and whether its burden or expense outweighs its likely benefit. *Id*. Information within this scope need not be admissible at trial to be discoverable. *Id*.

### A. The United States must verify its SROG's, and its self-serving agreement to verify only three of the interrogatories at its choosing is plainly improper.

The United States has failed to verify any of its SROG answers, contrary to Rule 33's express requirements. Rule 33(b)(3) requires each interrogatory, to the extent it is not objected to, to be "answered separately and fully in writing under oath." Rule 33(b)(5) separately requires the person making the answers to sign them, while counsel must sign any objections. Counsel's signature on the discovery responses therefore does not, without the required oath or declaration, satisfy the verification requirement. Nor does including objections alongside substantive answers excuse verification of the answers actually provided. Fed. R. Civ. P. 33(b)(3), (5).

The District of Arizona's local rules reinforce this obligation: LRCiv 33.1(b) expressly requires the responding party to "attach a verification." Courts in this District enforce that requirement by compelling verification even after substantive responses have been served. In *UniCredit Bank Austria AG v. Inmobiliaria y Arrendadora Cuadro S.A. de C.V.*, No. CV-23-01991-PHX-KML, ECF No. 190, at 2–3 (D. Ariz. Sept. 2, 2026), the defendant represented that verification would be forthcoming, but the court nevertheless ordered it to serve proper verification of its

interrogatory responses by a specified date. The United States' responses remain deficient until it supplies the verification required by the federal and local rules.

Rule 33 expressly provides a means for governmental entities to answer through a representative. Under Rule 33(b)(1)(B), a governmental agency answers through an officer or agent who furnishes the information available to the party. The obligation consequently extends beyond the signer's firsthand recollection. An authorized representative may gather information from relevant personnel and agency records and verify the resulting answers on the government's behalf. The Rule does not require every agent who contributes information to execute a separate verification. Fed. R. Civ. P. 33(b)(1)(B).

The United States concedes that it failed to verify any SROG, and it has voluntarily agreed to verify three SROG's of its choosing. But it refuses to verify the remainder of its SROG answers because it would be too burdensome to do so. Defense counsel's position is that it would be too burdensome for the United States to question each of the roughly dozen agents who were present when Mr. Mattia was killed in response to SROG's 7, 9, and the remainder of the SROG's. Defense counsel further argued that a separate interrogatory request is counted for each agent/witness that counsel must speak with to obtain a response from. That would mean that if a SROG requires Defense counsel to inquire of the roughly 12 agents present when Mr. Mattia was killed, that Plaintiffs would effectively have 2 SROG's instead of the 25 permitted by rule.

Plaintiffs are unaware of any authority supporting Defense counsel's absurd position that every witness that must be consulted counts as a separate SROG request. Such a rule would severely limit the applicability of SROG's, and it would further be nonsensical in the ordinary course of litigation.

The thrust of the government's position is that questioning witnesses is unduly burdensome, but the government cannot establish undue burden through

generalized complaints about workload or inadequate staffing. In *Doe v. Trump*, 329 F.R.D. 262 (W.D. Wash. 2018), the court rejected the government's objection because it described past discovery efforts without estimating the work required to answer the interrogatories at issue. The court further held that the government could not avoid reasonable, targeted discovery by failing to allocate sufficient resources. These were ordinary litigation burdens, and DOJ's substantial resources placed the government in a better position than most litigants to comply.

Here, it is plainly not too burdensome to question the relevant witnesses and provide a verified response to the SROG's. The Court should compel verification of all SROG answers accordingly.

**B. The United States should provide a fulsome response to SROG 7 and 9.**

Next, Plaintiffs challenge SROG answers 7 and 9. *See* LRCiv 37.1 Statement, ¶¶ 1-6. It is not unduly burdensome to compel the United States to speak with the agents present when Mr. Mattia was killed and to try and ascertain who gave what order. The SROG 7 response quotes the BWC video, but the videos don't explain who said what. Plaintiffs are unable to discern the different voices of the roughly dozen agents present, and the United States is plainly in a better position to do so. While it may be tedious to meet with each agent present in an effort to ascertain who said what, that is not unduly burdensome. "In order to adequately respond to discovery in civil litigation all parties incur unwanted burdens and costs." *Costantino v. City of Atl. City*, 152 F.Supp.3d 311, 328 (D.N.J. 2015) (explaining that a governmental defendant "cannot shirk its responsibilities by failing to dedicate sufficient resources to respond to appropriate and necessary discovery"). Accordingly, the Court should compel the government to interview each present agent and to make a good faith effort to completely respond to SROG 7.

Next, SROG 9 asks what crimes the agents who responded to Mr. Mattia's home suspected him of committing. The unverified answer, by contrast, is a

theoretical response of what they possibly could have suspected. The United States must inquire of the relevant agents and submit a verified answer that is responsive to the question.

**C. The United States should provide fulsome answers to RFA Nos. 8, 9, 10, 12, and 13.**

Federal Rule of Civil Procedure 36 governs RFA's. A RFA may be used to obtain an admission of the truth of any matters relating to the facts, application of law and fact, or opinions about either. Fed. R. Civ. P. 36(a). RFA's should be simple and direct. *Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 8060078, at *4 (C.D. Cal. 2019). If an RFA cannot be truthfully admitted or denied, the responding party must state in detail why not. Fed. R. Civ. P. 36(a)(4). "When the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and responsive." *Kajeet, Inc.*, 2019 WL 8060078, at *4 (citation omitted).

The United State's responses to the challenged RFA's are incomplete because it did not admit or deny the question. *See* LRCiv 37.1 Statement, ¶¶ 7-21. Each question is a simple and direct question of fact, and Plaintiffs further tried to clarify the questions to alleviate ambiguity for the United States. Nonetheless, the United States has not served an admission or denial for these RFA's and the Court should compel a response.

**D. The Court should compel the United States to produce responsive records to RFP Nos. 2, 4, 16, 19, and 21.**

RFP's 2 and 4 seek to compel records in the Defendants' personal files related to the use of force or misconduct. *See* LRCiv 37.1 Statement, ¶¶ 22-27. Federal courts have long held that the personnel files of individual defendant police officers are broadly discoverable. *See Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (police hiring documents are relevant to issues of credibility, notice to the employer, ratification by the employer, and motive of the

officer); *Taylor v. Los Angeles Police Dep't*, 1999 WL 33101661, at *4 (C.D. Cal. 1999) ("Complaints against officers . . . may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias."); *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1299 (N.D. Cal. 1995) ("California statutes governing the release of police personnel files . . . do not create privacy interests on the part of individual witnesses or officers because they were not enacted to protect such interests"). RFP 2 and 4 seek proportional and relevant information, and the Court should compel production.

Next, RFP 16 seeks production of communications between the individual defendants related to Mr. Mattia's shooting. *See* LRCiv 37.1 Statement, ¶¶ 28-30. The United States has not tried to obtain the messages from the Defendants, and Plaintiffs cannot propound discovery directly to the individual officers pursuant to the Court's stay order. Plaintiffs believe that the Court can compel the United States to try and obtain the messages, and alternatively the Court could authorize Plaintiffs to serve a Rule 45 subpoena on the individual defendants in advance of their depositions, which we are currently in the process of scheduling in December.

Next, RFP 19 sought messages on a Teams channel reverenced in produced emails by CHP investigators. *See* LRCiv 37.1 Statement, ¶¶ 31-33. The United States claims that only files were shared on the channel and it has not produced any record to show that. The Court should compel a response.

Lastly, the United States has asserted lawful authority to respond to a call for assistance from TOPD. RFP 21 seeks any documentation in the possession of the United States that supports that position, and the response says that CBP, not the United States, has no responsive records. *See* LRCiv 37.1 Statement, ¶¶ 34-46. The Court should compel a complete response on behalf of the United States.

//

//

**V. The Court should award fees under Fed. R. Civ. P. 37(a)(5)(A) because the Defendant's objections are not substantially justified.**

The Court should grant Plaintiffs' motion for all of the reasons argued above. If it does, "the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs move for the imposition of monetary sanctions against Defendant because its objections and failures to respond are not substantially justified.

Federal Rule of Civil Procedure 37(a)(5)(A) does not mandate sanctions if: (i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (ii) the non-disclosure or objection was "substantially justified;" or (iii) other circumstances make a sanction "unjust." None of these exceptions to the required sanction apply here. In particular, the United States's failure to verify a single SROG, and then to only agree to verify three of its choosing is particularly egregious. That position, along with the remainder of its discovery objections and partial answers merits a sanction. Plaintiffs will submit a bill for the time and resources spent on litigating this issue if the Court rules that the fee shifting is appropriate under the circumstances.

**VI. The Court should amend the scheduling order as necessary to allow Plaintiffs to receive the ordered supplemental discovery and to depose necessary witnesses.**

Lastly, the Court's current scheduling order requires expert disclosure to begin on January 8, 2027. *See* Dkt. No. 65. In order for Plaintiffs to meet the current disclosure deadline, they need the outstanding discovery at issue in this motion and also to be able to depose the necessary government agents. In particular, Plaintiffs need to depose the individual shooters who killed Mr. Mattia, and their depositions will need to be reviewed and incorporated into an expert opinion by Plaintiffs' use of force expert. Plaintiffs have tentatively scheduled depositions for the individual

agents in December, and Plaintiffs can continue with that schedule as long as they are able to obtain the necessary discovery in advance.

**VII. Conclusion.**

For these reasons, Plaintiffs request that the Court grant this motion and compel the United States to verify all substantive interrogatory answers, provide complete responses to the challenged interrogatories and requests for admission, and produce all responsive, nonprivileged documents sought by the challenged requests for production. Plaintiffs further request an award of reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(a)(5)(A), and amendment of the scheduling order as necessary to permit review of the supplemental discovery and completion of necessary depositions.

Dated: October 22, 2026

Respectfully submitted,

*s/ Ryan W. Stitt*

Ryan W. Stitt
Tommy Vu
STITT VU TRIAL LAWYERS APC

Timothy Scott
Marcus Bourassa
MCKENZIE SCOTT PC

Attorneys for Plaintiffs